UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MURAT HATIPOGLU                                    CIVIL ACTION

VERSUS                                             NO. 06-7606

HANOVER INSURANCE COMPANY,                         SECTION "C" (4)
INC.

ORDER AND REASONS

This matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal.  Having considered the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction.  Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685

(1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id. This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. Id. It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

     This matter was removed on the basis of diversity. The plaintiff is suing for amounts allegedly owed under a homeowner's policy issued to the plaintiffs regarding property in New Orleans, Louisiana for hurricane-related damages. In the petition, the plaintiff alleges that the damage to the structure was a "total loss." (Petition, ¶ 10). In

light of the amount of insurance coverage and for purposes of the present issue, therefore, the Court finds that the defendant has met its burden showing that it is facially apparent from the petition that the amount in controversy existed at the time of removal.

The plaintiff alleges in his response that the amount in controversy is less than the jurisdictional minimum and agrees to so stipulate.  He includes a "Stipulation" to that effect.  (Rec. Doc. 13, Exh. D).  He also includes documentation detailing the damage and costs.  The Court assumes this relates back to the time of removal.  The Court recognizes that this statement may or may not be "binding" for purposes of La. Code Civ. P. art. 862 under the reasoning in <u>Crosby v. Lassen Canyon Nursery, Inc.</u>, 2003 WL 22533617 (E.D.La.)(J. Vance).  The statement is, however, evidence of the jurisdictional amount for present purposes.

The Court is mindful that removal jurisdiction is strictly construed.  <u>See:</u> <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100 (1941); <u>Brown v. Demco, Inc.</u>, 792 F.2d 478 (5th Cir. 1986); <u>Butler v. Polk</u>, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 9th day of March, 2007.

                                        HELEN G. BERRIGAN
                                        UNITED STATES DISTRICT JUDGE